1 | Jerry N. Budin
State Bar No. 88539
2 | LAW OFFICE OF JERRY BUDIN
2401 E. Orangeburg Ave., Suite 675-309
3 | Modesto, California 95355
Telephone: (209) 544-3030

4 |
Attorney for Plaintiff,
5 | DAVID FUSON, et al.,

6 |

7 |

FILED

OCT 1 1 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

8 |             UNITED STATES DISTRICT COURT

9 |             EASTERN DISTRICT OF CALIFORNIA

10 |                    (Fresno Division)

11 |

12 | DAVID FUSON, individually      ) CASE NO. CV F 06-0766 LJO SMS
and on behalf of all others     )
13 | similarly-situated,            ) ORDER ON
                                ) PRELIMINARY APPROVAL OF
14 |              Plaintiff,        ) STIPULATION REGARDING CLASS
                                ) ACTION SETTLEMENT; EXHIBIT
15 | vs.                           ) A and EXHIBITS 1 and 2
                                )
16 | C.L. BRYANT, C. BRYANT TRANSPORT,)
INC., and DOES 1 through 100,   ) Date : October 11, 2007
17 |                              ) Time : 8:30 a.m.
              Defendants.        ) Crtrm: 4
18 | _____) Judge: Hon Lawrence J. O'Neill

19 |

20 |      Pursuant to plaintiff's Notice of Motion filed on September

21 | 17, 2007, the parties in this class action have reached a proposed

22 | settlement  and  seek  preliminary  approval  of  the  proposed

23 | Stipulation Regarding Class Action Settlement, the Notice of

24 | Proposed Class Action Settlement And Fairness Hearing and the Claim

25 | Form/FLSA Consent Form.

26 |      The motion came on for hearing on October 11, 2007 at 8:30

27 | a.m. in Courtroom 4 of this court. Plaintiff, individually and on

28 | behalf  of  all  others  similarly  situated  (collectively

ORDER ON PRELIMINARY APPROVAL OF            CASE NO. CV F 06-0766 LJO SMS
STIPULATION REGARDING CLASS ACTION SETTLEMENT;
EXHIBITS A-C

1  "plaintiffs"), appeared by telephone by class counsel Jerry Budin,
2  Law Office of Jerry Budin.  Defendants C.L. BRYANT and BRYANT
3  TRANSPORT, INC. ("BRYANT") appeared by telephone by counsel Daniel
4  Pyne, Hopkins & Carley.  Having considered the plaintiff's Motion
5  and supporting papers, the Stipulation Regarding Class Action
6  Settlement and the Exhibits attached thereto, the Court issues the
7  following Orders:

8      1.   This Order incorporates by reference the definitions in
9  the Stipulation Regarding Class Action Settlement ("Stipulation")
10  and all terms defined therein shall have the same meaning in this
11  Order as set forth therein.  The Stipulation Regarding Class Action
12  Settlement is attached hereto as Exhibit A.

13      2.   The Court hereby preliminarily approves the attached
14  Stipulation.  The Court preliminarily finds that the Class members
15  are similarly situated and meet the requirements for class
16  certification under F.R.C.P. 23 and as a collective action under 29
17  U.S.C. §216(b).  The Court further preliminarily finds that the
18  Stipulation appears to be within the range of reasonableness of a
19  settlement that could ultimately be given final approval by this
20  court.  It appears to the Court that the Stipulation is fair,
21  adequate and reasonable as to all potential Class Members, when
22  balanced against the probable outcome of further litigation.  It
23  further appears that counsel for the Parties at this time are
24  reasonably able to evaluate their respective positions. It further
25  appears to the Court that settlement at this time will avoid
26  substantial additional costs to all Parties, as well as the delay
27  and risks that would be presented by further prosecution of these
28  Actions.  Additionally, it appears that the proposed Stipulation

1   was reached as a result of intensive, non-collusive, arms-length
2   negotiations.

3       3.   A hearing ("Fairness Hearing") shall be held before this
4   Court on January 28, 2008, at 8:30 a.m. in Courtroom 4 in the
5   United States District Court for the Eastern District of
6   California, located at 2500 Tulare Street, Fresno, California, to
7   determine all necessary matters concerning the settlement,
8   including: whether the proposed settlement of the Actions on the
9   terms and conditions provided is fair, adequate, and reasonable,
10  and should be finally approved by the Court; whether the cases
11  should be dismissed with prejudice pursuant to the terms of the
12  settlement; whether the settlement should be approved as fair,
13  adequate, and reasonable to the Class Members; whether the Court
14  should finally approve an enhancement payment for Mr. Fuson and the
15  amount of attorney fees and costs to be awarded Class Counsel,
16  Jerry Budin.

17      4.   The Court hereby approves, as to form and content, the
18  proposed "Notice of Proposed Class Action Settlement and Fairness
19  Hearing" ("Notice;" attached to the Stipulation hereto as Exhibit
20  "1") and the "Claim Form/FLSA Consent Form" (attached to the
21  Stipulation hereto as Exhibit "2"). The Court finds that the
22  distribution of the Notice substantially in the manner and form set
23  forth in the Stipulation meets the requirement of due process under
24  Federal Rule of Civil Procedure 23(e) and 29 U.S.C. §216(b); and
25  that such Notice is the best practicable under the circumstances,
26  and shall constitute due and sufficient notice to all persons
27  entitled thereto.

28      5.   Any class member who wishes to receive a portion of the

ORDER ON PRELIMINARY APPROVAL OF                    CASE NO. CV F 06-0766 LJO SMS
STIPULATION REGARDING CLASS ACTION SETTLEMENT;
EXHIBITS A-C                            3

1  settlement fund must complete and submit a properly completed Claim
2  Form, pursuant to the instructions for making a claim that are set
3  forth in the Notice, so that it is postmarked no more than sixty
4  (60) days after the date the Notices are mailed. Any class member
5  who does not submit a Claim Form will not be entitled to any
6  recovery, unless the parties agree to allow the late claim.

7      6.   Any class member may choose to "opt-out" of and be
8  excluded from the settlement as provided in the Notice by following
9  the instructions for requesting exclusion from the Stipulation that
10 are set forth in the Notice. All requests for exclusion must be
11 submitted so that they are postmarked no more than thirty (30) days
12 after the date the Notices are mailed. Any such person who chooses
13 to "opt out" of and be excluded from the class will not be entitled
14 to receive any proceeds from this settlement, and will not be bound
15 by this settlement or have any right to object, appeal, or comment
16 thereon.

17     7.   Any class member who has not validly requested exclusion
18 from the class and the Stipulation may appear at the Fairness
19 hearing and may object or express his/her views regarding the
20 settlement, and may present evidence and file briefs or other
21 papers, that may be proper and relevant to the issues to be heard
22 and determined by the Court, as provided in the Notice.  However,
23 no class member or any other person shall be heard or entitled to
24 object, and no papers or briefs submitted by any such person shall
25 be received or considered by the Court, unless the person on or
26 before that day which is 30 days after the Notice is mailed has
27 filed with the Clerk of this court, and mailed by first class
28 postage to Class Counsel (Jerry Budin, Esq., Law Office of Jerry

1  Budin, 2401 E. Orangeburg Ave., Modesto, CA 95355) and Defendant's

2  Counsel (Daniel Pyne, Esq., Hopkins & Carley P.O. Box 1469, San

3  Jose, CA 95109): (i) a written statement advising if the individual

4  plans to address the Court at the Fairness Hearing; (ii) a written

5  statement of the individual's objections; and (iii) any other

6  papers which the individual purposes to submit to the Court,

7  including any legal briefs or memoranda. Any such person who does

8  not make an objection in the manner provided for in this Order

9  shall be deemed to have waived such objection and shall forever be

10 foreclosed from making any objection to the settlement.

11      8.   In the event the Stipulation does not become effective in

12 accordance with the terms of the Stipulation, or the Stipulation is

13 not finally approved, or is terminated, canceled or fails to become

14 effective for any reason, this Order shall be rendered null and

15 void and shall be vacated, and the Parties shall revert to their

16 respective positions as of before entering into the Stipulation.

17      9.   For purposes of effectuating this settlement, the Court

18 preliminarily certifies the following Settlement Class:

19          <u>Settlement Class</u>

20          All persons who are now employed or have been
            employed by defendant BRYANT in the State of
21          California, who, on or after June 16, 2002 to
            (date of preliminary approval), have worked as
22          an intrastate truck driver hauling bulk
            petroleum products solely within the State of
23          California and have worked in excess of forty
            (40) hours per week without being paid
24          overtime compensation by BRYANT for those
            excess hours.
25

26 /////

27 /////

28 /////

1      10.   For purposes of effectuating this settlement, the Court

2  hereby appoints Jerry Budin, Esq., as Class Counsel and David Fuson

3  as Class Representative.

4

5      IT IS SO ORDERED.

6

7  DATED: October 11, 2007

8                                          LAWRENCE J. O'NEILL
                                           UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Jerry N. Budin
      State Bar No. 88539
2    LAW OFFICE OF JERRY BUDIN
      2401 E. Orangeburg Ave., Suite 675-309
3    Modesto, California 95354
      Telephone: (209) 544-3030
4

5    Attorney for Plaintiff,
      DAVID FUSON, individually
      and on behalf of all others
6    similarly-situated

7    Daniel F. Pyne III, Esquire
      State Bar No. 131955
8    Hopkins & Carley
      P.O. Box 1469
9    San Jose, CA 95109-1469
      Telephone: (408) 286-9800
10   Facsimile: (408) 998-4790

11   Attorneys for Defendants,
      C.L. BRYANT, C. BRYANT TRANSPORT, INC.
12

13
                     UNITED STATES DISTRICT COURT
14
                    EASTERN DISTRICT OF CALIFORNIA
15
                       (Fresno Division)
16

17
      DAVID FUSON, individually         )   CASE NO. CV F 06-0766 LJO SMS
18   and on behalf of all others       )
      similarly-situated,              )   STIPULATION REGARDING
19                          )   SETTLEMENT OF CLASS ACTION;
                 Plaintiff,      )   EXHIBITS 1-2
20                          )
      vs.                             )
21                          )
      C.L. BRYANT, C. BRYANT TRANSPORT,)
22   INC., and DOES 1 through 100,    )
                         )
23             Defendants.      )
      _____ )
24

25

26

27

28

      _____
      STIPULATION REGARDING SETTLEMENT OF          CASE NO. CV F 06-0766 LJO SMS
      CLASS ACTION; EXHIBITS 1-2

1

TABLE OF CONTENTS

2

PAGE

3   I.    INTRODUCTION........................................... 1

4   II.   NATURE OF THE CASE.................................... 1

5   III.  GENERAL TERMS OF THE STIPULATION...................... 3

6         A.  Definition....................................... 3

7         B.  Jurisdiction and Venue........................... 5

8         C.  Non-Admissions................................... 5

9         D.  Effect Of This Stipulation....................... 6

10        E.  Duties Of Plaintiff's Counsel.................... 8

11  IV.   CLASS CERTIFICATION.................................. 8

12  V.    SETTLEMENT........................................... 8

13        A.  Administration Of The Settlement Sum............. 8

14            1.   Payment To Class Representative.............. 9

15            2.   Payments To Class Members................... 9

16        B.  Claims Filing Procedures......................... 9

17        C.  Procedures For Payment Of Claims................. 10

18        D.  Time For Disbursement Of Settlement Payments....... 11

19  VI.   ATTORNEYS' FEES...................................... 11

20  VII.  TAXABILITY OF MONEY PAID TO THE MEMBERS OF THE
21        CLASS OR TO THE NAMED PLAINTIFF...................... 12

22  VIII. STATUS AND DISPOSITION OF UNCLAIMED FUNDS.............. 12

23  IX.   NO APPEAL ON BEHALF OF CLASS REPRESENTATIVE
        OR PLAINTIFFS........................................ 12

24  X.    NOTICE AND OPPORTUNITY FOR OBJECTIONS AND TO
25        SEEK EXCLUSION....................................... 13

26  XI.   OPTION TO TERMINATE SETTLEMENT....................... 14

    XII.  MISCELLANEOUS PROVISIONS............................. 14

27

28

1       Plaintiff DAVID FUSON, who is the individual named Plaintiff,

2  on behalf of himself and on behalf of all members of a certain

3  class hereinafter defined, and Defendants C.L. BRYANT and C. BRYANT

4  TRANSPORT, INC. ("Defendants"), collectively referred to as

5  "parties," hereby stipulate and agree on all of the terms of the

6  settlement in this matter, and request a hearing for preliminary

7  approval of this class action settlement.

8  **I.    INTRODUCTION**

9       This Stipulation Regarding Settlement Of Class Action

10  ("Stipulation") sets forth the full and final terms by which the

11  named Plaintiff, on behalf of himself and members of the class

12  defined herein, and Defendants C.L. BRYANT and C. BRYANT TRANSPORT,

13  INC. ("BRYANT") have settled and resolved all claims and potential

14  claims between them relating to any alleged nonpayment of overtime

15  for hours worked in excess of forty under the Fair Labor Standards

16  Act ("FLSA"), and claims for relief under California's Unfair

17  Competition Act (Cal. Bus. & Prof. Code § 17200 *et seq.*) ("UCA" or

18  "17200").  By agreeing to this Stipulation, BRYANT does not admit

19  to any liability, and in fact, such liability is expressly denied.

20  BRYANT has voluntarily entered into this Stipulation to avoid

21  protracted and costly litigation.

22  **II.    NATURE OF THE CASE**

23       This Stipulation resolves an action by Plaintiff DAVID FUSON,

24  purporting to represent a class of similarly situated persons.

25       The Action filed on June 16, 2006 alleges that BRYANT failed

26  to pay overtime for hours worked in excess of forty in a workweek

27  in violation of the FLSA (29 U.S.C. § 207(a)(2)(C)).  Additionally,

28  Plaintiff alleges that BRYANT's FLSA violation provides a predicate

---

1  for a second claim for damages under the UCA. BRYANT has
2  specifically denied, and continues to deny, each and every
3  allegation made by the Plaintiff in this Action.

4      The parties to this Action desire to settle it, and have
5  agreed to enter into this Stipulation for the purpose of resolving
6  the Action. This Stipulation has been jointly negotiated and
7  drafted by counsel completely familiar with the legal and factual
8  issues in the Action, along with representatives of the parties,
9  after extensive discovery and substantial and extensive discussions
10  regarding claims and defenses by counsel for all the parties.
11  Counsel have negotiated at arm's-length and in good faith, with the
12  best interests of their clients in mind.

13      Based upon their knowledge of the case and extensive
14  negotiations, all counsel believe that this Stipulation is fair,
15  reasonable, and adequate to resolve this Action in its entirety,
16  and that settlement at this time on these terms is in the best
17  interests of all the parties.

18      Counsel and the parties have considered, among other things,
19  the expense, inconvenience, and time demands of continuing,
20  burdensome, and protracted litigation, the risks inherent in
21  litigation, and the benefits provided by the terms of this
22  Stipulation. This Stipulation represents the parties' joint
23  efforts to avoid further litigation, and does not represent any
24  admission of liability by the Defendant on the merits of this
25  Action. Neither party is responsible for or adopts the
26  justification for settlement of the other party.

27  ///

28  ///

STIPULATION REGARDING SETTLEMENT OF                    CASE NO. CV F 06-0766 LJO SMS
CLASS ACTION; EXHIBITS 1-2

1  **III.   GENERAL TERMS OF THE STIPULATION**

2  **A.  Definitions**

3          For purposes of this Stipulation and all exhibits hereto,
4  the capitalized terms in such documents shall have the meanings set
5  forth below.  All terms defined in the singular shall have the same
6  meaning when used in the plural, and all terms in the plural shall
7  have the same meaning when used in the singular, unless otherwise
8  noted.

9          1.   "Authorized Claimant" shall mean only a person
10 listed in the Final Judgment  as entitled to a settlement payment
11 who has timely filed a completed "Claim Form/FLSA Consent Form."

12         2.   "BRYANT's Counsel" shall mean the law firm of
13 Hopkins & Carley, P.O. Box 1469, San Jose, CA 95109-1469, including
14 attorney Daniel F. Pyne III.

15         3.   "Claimant" shall mean any person who is eligible to
16 make, and who has made, a claim pursuant to the procedures in
17 section V.B-C of the Stipulation.

18         4.   "Claim and Release" shall mean the form headed
19 "Claim Form/FLSA Consent Form"  (attached as Exhibit 2).

20         5.   "Claim Form Submission Date" shall mean the postmark
21 date the completed Claim and Release was mailed, or the date of
22 personal delivery of the completed Claim and Release, to Class
23 Counsel.

24         6.   "Class Counsel" shall mean Jerry N. Budin, Esq., of
25 the Law Offices of Jerry N. Budin, 2401 E. Orangeburg, Modesto, CA
26 95354-1123.

27         7.   The "Settlement Class" shall mean that class of
28 persons defined in section IV.

1          8.    "Class Representative" refers only to Plaintiff
2  DAVID FUSON.

3          9.    "Court" shall mean the United States District Court,
4  Eastern District of California (Fresno Division).

5          10.   "Effective Date" of this Stipulation shall mean the
6  later of (a) the 15th day after the date of the signing and final
7  approval of this Stipulation by the Court, if no objections are
8  made, or (b) the 15th day after this Stipulation becomes final and
9  non-appealable, in the event that an objection to this Stipulation
10  has been filed.

11          11.   "Employee Taxes" shall mean any and all federal,
12  state and local taxes required to be withheld by BRYANT as the
13  employer from the settlement payments for the employees' portion of
14  taxes, including but not limited to any withholdings required for
15  federal income tax, Social Security, and Medicare, and California
16  State income tax and state disability (SDI).  The amount of taxes
17  withheld will depend upon the applicable tax rates in effect for
18  each Authorized Claimant during the year in which a payment is made
19  and whether that Authorized Claimant is still employed by BRYANT
20  when payment is made.

21          12.   "Employer Taxes" shall mean any and all taxes and
22  contributions imposed by federal, state or local law on BRYANT as
23  the employer for the employer's portion of federal Social Security
24  and Medicare, federal unemployment tax, California state
25  unemployment tax, and any other taxes.

26          13.   "Fairness Hearing" shall mean the Court's public
27  hearing or hearings to determine whether the proposed Stipulation
28  shall be finally approved.

14. "Notice" shall mean that document headed "Notice of Proposed Class Action Settlement and Fairness Hearing" (attached as Exhibit 1).

15. "Parties" shall mean the Named Plaintiff and BRYANT.

16. "Plaintiff Class," "Named Plaintiff," "Plaintiff," "Class," or "Class Members" or any variation of such terms, shall mean the class members described in section IV of this Stipulation.

17. "Preliminary Approval Date" of this Stipulation shall mean the date this Court grants its preliminary approval to this Stipulation.

18. "Taxes" shall mean, collectively, all "Employee Taxes" and "Employer Taxes."

**B.    Jurisdiction And Venue**

The Parties agree that this Court has jurisdiction over the subject matter of and the parties to this action and that venue is proper.  The Court shall retain jurisdiction of this action for the purpose of entering all orders and judgments authorized hereunder that may be necessary to implement and enforce the relief provided herein.

**C.    Non-Admissions**

BRYANT at all times has denied and continues to deny the material controverted allegations of the Action.   BRYANT has alleged numerous affirmative defenses to the Action and does not admit to any obligation to pay compensation of an overtime premium, in addition to regular wages, for hours worked in excess of forty hours in one week.   BRYANT also does not admit to any unfair business practices, violations of the UCA or violations of state or federal statutes or regulations.  BRYANT expressly denies any such

1   violations.   BRYANT's voluntary agreement to the entry of this
2   Stipulation shall not be deemed an admission of liability, and none
3   of the parties to this Action shall be deemed a prevailing party.
4   There has been no judicial determination in the Action that BRYANT
5   has violated any law, order, or regulation of the United States, or
6   of any State, regarding its payment of wages.   This Stipulation
7   shall not constitute an adjudication and/or finding on the merits
8   of the case, and shall not be used as evidence of liability, *res*
9   *judicata*, or collateral estoppel in any other legal proceeding
10  against BRYANT.

11         Nothing in this Stipulation nor anything in this
12  Stipulation shall be deemed admissible in any forum or proceeding
13  as evidence of an admission by BRYANT that it has engaged in any
14  practice, act, or omission, in violation of the Fair Labor
15  Standards Act, California Business and Professions Code section
16  17200 *et seq.*, or any other federal or state law or regulation.
17  This Stipulation shall not be admissible as evidence in any forum
18  for any reason, other than in an action to enforce its terms.

19         **D.   Effect Of This Stipulation**

20         This Stipulation fully and finally resolves all claims,
21  demands, and causes of action of the Named Plaintiffs and the
22  Settlement Class that were raised or could have been raised against
23  C.L. Bryant, C. Bryant Transport, Inc., its present and former
24  parent companies, subsidiaries and affiliates, and the present and
25  former shareholders, directors, officers, employees agents and
26  representatives of each, at any time up to and including the
27  Preliminary Approval Date of this Stipulation, with the exception
28  of those claims of Class Members who timely request exclusion from

1  the Settlement Class and settlement described herein.  Accordingly,
2  in the event this Stipulation receives final approval from this
3  Court,  all  Class  Members  are  bound  by  the  terms  of  this
4  Stipulation,  except those Class Members who choose to  exclude
5  themselves in accordance with the exclusion procedures set forth in
6  section V of the attached Notice (Exhibit "1").

7          The preclusive affect of this Stipulation applies to any
8  and all claims for legal relief, equitable relief, monetary relief
9  (including,  but  not  limited  to,  payment  of  wages,  damages,
10 interest,  penalties,  attorney fees,  and any monetary relief
11 available under the Fair Labor Standards Act, the California Labor
12 Code, the California Wage Orders, California Business & Professions
13 Code section 17200 et seq. or any other federal, state or local
14 law), and any other relief that could have been sought in this
15 Action regarding wage and hour or payroll claims.  The doctrines of
16 *res judicata* and collateral estoppel shall apply to the Named
17 Plaintiff and the Plaintiff Classes as defined herein with respect
18 to all issues of law and fact and all matters of relief granted or
19 denied within the scope of this Stipulation.

20     The Settlement Class, including the Class Representative and
21 each Class Member, waive all rights to which they may be entitled
22 pursuant to California Civil Code section 1542 with respect to the
23 aforementioned claims.  Section 1542 provides as follows:

24          A general release does not extend to claims
           which the creditor does not know or suspect to
25         exist in his or her favor at the time of
           executing the release, which if known by him
26         or her must have materially affected his or
           her settlement with the debtor.
27

28 ///

1    **E.   Duties Of Plaintiff's Counsel**

2         Plaintiff's counsel shall prepare all papers associated

3    with the settlement, including the settlement agreement, the notice

4    to the class, the claim form, the motion for preliminary approval

5    and the motion for final approval.

6    **IV.   CLASS CERTIFICATION**

7         The plaintiff will file a motion to certify a Settlement Class

8    under 29 U.S.C. §216(b) and Federal Rules of Civil Procedure, Rule

9    23 as follows:

10               All persons who are employed or have been

11               employed by BRYANT in the State of California

12               who, on or after June 16, 2002 through the

13               date of the Preliminary Approval Hearing, have

14               worked as an intrastate truck driver hauling

15               bulk petroleum products solely within the

16               State of California and have worked in excess

17               of forty (40) hours per week without being

18               paid overtime compensation by defendant for

19               those excess hours.

20        The Settlement Class consists of forty-seven (47) potential

21   members.   The actual size of the Settlement Class will be

22   determined from the number of Claim Form and Releases submitted by

23   Class members.

24   **V.   SETTLEMENT**

25        **A.   Administration Of The Settlement Sum**

26         For the purpose of satisfying and settling all of the

27   claims of the named Authorized Claimants and Class Counsel, as

28   those terms are defined in section III(A) above, BRYANT shall pay

1  Authorized Claimants the sum ("Sum") of One Hundred Sixty-five
2  Thousand Dollars ($165,000.00), less court-approved attorney fees
3  and costs and any enhancement payment to the Class Representative,
4  DAVID FUSON.

5         Plaintiff's counsel will administer all aspects of class
6  administration, except for the preparation of the settlement
7  checks, which defendant shall prepare and forward to plaintiff's
8  counsel for distribution.

9         The Sum is the sole payment that BRYANT shall be required
10 to make to settle this case and the foregoing Claims, except BRYANT
11 shall also pay the Employer Taxes.

12         **1.   Payment To Class Representative**

13        Subject to court approval, the gross amount of $10,000.00
14 shall be paid by BRYANT to Class Representative DAVID FUSON from
15 the Sum for his service as the lead Plaintiff in this action.  This
16 payment shall not be subject to tax withholding, and shall be
17 reported by the BRYANT to the IRS by Form 1099.

18         **2.   Payments To Class Members**

19        The amount paid to each Authorized Claimant shall be
20 equivalent to (a) the Sum, less court-approved attorney fees and
21 costs and any enhancement payment to the Class Representative,
22 multiplied by (b) the number of weeks in which the Authorized
23 Claimant worked for Bryant Transport, Inc. after June 16, 2002
24 divided by the aggregate number of weeks worked by all Authorized
25 Claimants for Bryant Transport, Inc. after June 16, 2002.

26         **B.   Claims Filing Procedures**

27        Upon  preliminary  approval  of  this  Stipulation  and
28 pursuant to this Court's Order Granting Preliminary Approval,

1  BRYANT shall provide the last known address and Social Security
2  number of each Class Member to Class Counsel. Class Counsel shall
3  then mail copies of the Notice and the Claim Form and Release to
4  every known Class member at his/her last known address. Class
5  Counsel shall make these forms available to other Class members at
6  their request. When necessary, Class Counsel shall perform
7  appropriate "strip-tracing" to locate any Class Member whose Claim
8  Form is returned by the U.S. Postal Service.

9          The signed Claim Form and Release, submitted in
10  accordance with the procedures set forth on the Claim Form and
11  postmarked or hand delivered by 60 days from the mailing of Notice,
12  shall be processed by Class Counsel.

13      **C.   Procedures For Payment Of Claims**

14          In order to promote both fairness and efficiency, each
15  claim will be paid on a pro-rata basis within the Class according
16  to the terms of section V.A.2., after verification of the
17  information provided on the Claim Form And Release. The pro-rata
18  and verification system shall be applied uniformly, based on the
19  employment records of BRYANT, will not be discretionary, and may be
20  amended only by Court Order. Each Authorized Claimant shall then
21  be allocated a commensurate proportion of the Sum. All proposed
22  monetary awards shall be subject to the review and approval of the
23  Court before disbursement.

24          All Class Members receiving awards will be required to
25  keep the amount of the awards confidential from everyone except
26  Class Counsel, or any attorney, tax or financial advisor
27  representing them or members of their immediate family. No award
28  shall be paid to an Authorized Claimant prior to receipt by

1   BRYANT's counsel of the Claimant's fully completed Claim Form And
2   Release.

3        All awards shall be made from the Sum.  The awards made
4   to Authorized Claimants shall be deemed wage payments and shall be
5   subject to tax withholding.  There will be no reversion of any
6   portion of the Sum to BRYANT.  All Settlement monies will be
7   distributed on a pro rata basis to Class Members who file timely
8   Claim Forms.

9        **D.   Time For Disbursement Of Settlement Payments**

10        BRYANT shall mail the settlement payments, pursuant to
11  the terms of this Stipulation, to Class Counsel for distribution to
12  each Authorized Claimant's last known mailing address within
13  fifteen (15) days of the Effective Date.  Under no circumstances
14  shall BRYANT make any disbursements to Class Members from the Sum
15  until all timely claims have been considered, calculated, and
16  accounted for, including attorney fees and any enhancement payment,
17  and the obligations set forth in section V have been satisfied.

18        If BRYANT does not make the payments within the time
19  specified above, late payments shall be subject to interest at
20  the rate of 10% per annum.

21  **VI.   ATTORNEY FEES**

22        Although neither party to this Action is deemed to be a
23  prevailing party, BRYANT agrees not to oppose Class Counsel's
24  request for actual costs and reasonable attorney fees from the Sum
25  in an amount not to exceed twenty-five (25) percent of the Sum.
26  Said motion will be heard in conjunction with the Fairness Hearing.
27  To the extent that the payments of attorney fees reduce the Sum,
28  the individual settlement amounts payable to Authorized Claimants

1  shall be proportionately reduced from the amounts set forth in
2  section V.A.2 of this Stipulation, so as to allow full payment of
3  attorney's fees and costs to Class Counsel.

4  **VII. TAXABILITY OF MONEY PAID TO THE MEMBERS OF THE PLAINTIFF CLASS**
5  **      OR TO THE NAMED PLAINTIFF**

6      The parties agree that the amounts paid pursuant to this
7  Stipulation to the Class Members and to the Named Plaintiff are
8  taxable under the United States Tax Code and the tax codes of the
9  various states and territories of the United States.  Withholding
10 of taxes and payment of the employers' portion of taxes by BRYANT
11 shall be in accordance with applicable law and this Stipulation.

12     No representations are made by or to any party to this
13 Stipulation as to the tax consequences of the monetary payments
14 pursuant to this Stipulation.  Each person receiving payment of
15 money pursuant to this Stipulation shall be responsible for their
16 own tax liability for payments made herein and the allocations
17 specified herein, including any related penalties, interest, or
18 employee payroll taxes.

19 **VIII.  STATUS AND DISPOSITION OF UNCLAIMED FUNDS**

20     Sixty (60) days after BRYANT has distributed the last of the
21 Sum to the Class Members, BRYANT's counsel shall make a written
22 report to Class Counsel of whether any checks drawn on the sum were
23 returned or unpaid.  At that time, the Parties, in consultation
24 with the Court, if necessary, shall distribute this remaining part
25 of the Sum on a pro-rata basis to Authorized Claimants who cashed
26 their settlement checks.

27 **IX.  NO APPEAL ON BEHALF OF CLASS REPRESENTATIVE OR PLAINTIFFS**
28     This Stipulation is the product of extensive negotiation by

1  counsel completely familiar with the legal and factual issues in
2  these cases, along with representatives of the parties, after
3  extensive discovery and substantial and extensive discussions
4  regarding claims and defenses by counsel for all the parties.
5  Class Counsel covenants that he shall not appeal any portions of
6  this Stipulation on behalf of the Class Representative or Class
7  Members should this Stipulation be adopted in whole or modified in
8  part by the Court, except Class Counsel reserves the right to
9  appeal any award of attorney fees.

10  **X.    NOTICE AND OPPORTUNITY FOR OBJECTIONS AND TO SEEK EXCLUSION**

11       Pursuant to F.R.C.P. Rule 23, Class Counsel shall give notice
12  to Class Members so that they may have an opportunity to object to
13  the terms of the Stipulation and to decide whether to exclude
14  themselves from participation in the Settlement.   Class Counsel
15  shall send notice to all Class Members by first class mail to each
16  Class Member's last known address.   Individual notice to the each
17  class member shall be made in the form of the Notice attached
18  hereto as Exhibit   A.    The notice shall include a provision
19  notifying the class members of their right to be excluded from the
20  Class or to object to this Stipulation.

21       Within 30 days from mailing of the Notice, members of the
22  Class may file objections to the terms of the Stipulation, or may
23  exclude themselves from membership in the Class.   Any exclusions
24  shall be made in writing and sent to Class Counsel.   Class Counsel
25  shall promptly provide copies of all exclusions he receives to
26  BRYANT's counsel.

27       No objections will be heard at the Fairness Hearing unless the
28  objecting party previously submitted his or her objections in

1  writing in accordance with the terms of this Stipulation and the
2  Notice.

3  **XI.  OPTION TO TERMINATE SETTLEMENT**

4      If any person or persons who otherwise would be a member of
5  the Settlement Class has/have filed a timely request for exclusion
6  from the Settlement Class in accordance with paragraph **X** above <u>AND</u>
7  the pro rata share or shares of that/those person or persons
8  exceed(s)ten percent (10%)of the Settlement Fund, BRYANT shall
9  have, in its sole discretion, the option to terminate this
10  Settlement.

11  **XII. MISCELLANEOUS PROVISIONS**

12      This Stipulation comprises the full and exclusive agreement
13  of the parties with respect to the matters discussed herein. No
14  waiver, modification or amendment of any provision of this
15  Stipulation shall be effective unless made in writing, approved by
16  all Parties to this Stipulation and approved by the Court or
17  ordered by the Court.

18      In the event (i) the Court does not enter the Preliminary
19  Order specified herein; (ii) the Court does not finally approve the
20  settlement as provided herein; (iii) the Court does not enter the
21  Final Judgment as provided herein; or (iv) the Stipulation does not
22  become final for any other reason, this Stipulation shall be null
23  and void and any order or judgment entered by the Court in
24  furtherance of this settlement shall be treated as nunc pro tunc.
25  In such a case, the Action and the parties shall be returned to
26  their respective statuses as of the date and time immediately prior
27  to the execution of this Stipulation, and the Parties shall proceed
28  in all respects as if this Stipulation had not been executed.

1    In the event of Defendant's failure to make the payments as
2 required by this Stipulation, the settlement becomes automatically
3 void, and this action shall proceed as if no settlement had ever
4 been reached.   Any monies received by Class Counsel and Class
5 Members before the breach shall be offset against any recovery by
6 Class Counsel and Class Members after the breach.

7    Each side shall bear its own attorney fees and costs in
8 connection with any claims asserted, and the negotiation and
9 completion of this Stipulation.

10 ____This Court has jurisdiction of the subject matter and of the
11 parties to this Action. This Court retains jurisdiction over this
12 Stipulation and the parties for all purposes until the expiration
13 of the Parties' obligations as set forth herein.

14

15 Dated: September 6, 2007     LAW OFFICE OF JERRY BUDIN

16
                                   /s/ Jerry Budin
17 _____
                                   JERRY BUDIN
18                                 Attorney for Plaintiff,
                                   DAVID FUSON
19

20

21 Dated: September 6, 2007     HOPKINS & CARLEY

22
                                   /s/ Daniel F. Pyne
23 _____
                                   DANIEL F. PYNE III
24                                 Attorneys for Defendants,
                                   C.L. BRYANT and C. BRYANT
25                                 TRANSPORT, INC.

26

27

28

1      .

                                    /s/ David Fuson (Original signature
2                                              retained by atty)
       Dated: August 31, 2007     _____
3                                  DAVID FUSON
                                   Plaintiff
4

5      Dated: August 31, 2007     C. BRYANT TRANSPORT, INC.

6                                      /s/ C.L. Bryant
                                         (Original signature retained
7                                          by attorney)
                           By:     _____
8                                  C.L. BRYANT
                                   Defendant
9

10

11     Dated: August 31, 2007      /s/ C.L. Bryant (Original signature
                                              retained by attorney)
12                                 _____
13                                 C.L. BRYANT
                                   Defendant
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
(FRESNO DIVISION)

DAVID FUSON,                                          CASE NO. CV F 06-0766 LJO SMS
individually and on behalf of
all others similarly-situated,

                          Plaintiffs,

vs.

C.L. BRYANT and C. BRYANT TRANSPORT, Inc.,

                          Defendant.

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

TO:     All truck drivers who were employed by C.L. Bryant and/or C. Bryant Transport, Inc. ("Bryant"), in California
        at any time from June 16, 2002 through (date of preliminary approval) and who hauled bulk petroleum products
        solely within California.

        THIS NOTICE MAY AFFECT YOUR RIGHTS.  PLEASE READ THIS NOTICE CAREFULLY.

        YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR _____, 2007
BEFORE THE HONORABLE LAWRENCE J. O'NEILL, JUDGE FOR THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED SETTLEMENT OF THE
CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF.

I.      **INTRODUCTION**

        On June 16, 2006, , David Fuson, individually and on behalf of other truck drives, filed a lawsuit against C.L.
Bryant and/or C. Bryant Transport, Inc., alleging that he worked for Bryant as a truck driver and was entitled to overtime
compensation for hours worked in excess of forty (40) per week, but that Bryant failed to pay him at overtime rates for
those overtime hours worked.  Bryant denies these allegations.

        A tentative settlement of these cases has been reached.  The settlement will apply to all persons who meet the
following definition ("Settlement Class"):

        Settlement Class

        All persons who are now employed or have been employed by defendants Bryant in the State of California,
        who, on or after June 16, 2002 to (date of preliminary approval), have worked as an intrastate truck driver
        hauling bulk petroleum products solely within the State of California and have worked in excess of forty (40)
        hours per week without being paid overtime compensation by BRYANT for those excess hours.

        **The Reason You Have Received This Notice**

        You are believed to be a member of the Settlement Class.  If so, your rights will be affected because the parties
have tentatively settled the lawsuit.  Pursuant to that tentative settlement, the Court is considering the entry and final
approval of the settlement of the case.  By preliminary approval of the proposed settlement on _____, the Court
has preliminarily determined that the lawsuit could be settled.

        You are hereby notified that:

                1.      A settlement of the claims of the Settlement Class has been proposed by Plaintiff David

Fuson and his attorney and Defendants Bryant and its attorneys;

2.     The proposed Settlement has been submitted to the Court, and has received preliminary approval;

3.     If this settlement is finally approved by the court, you will obtain only the relief provided in the settlement, and you will have no further claim against Bryant, for any claim occurring during the period from June 16, 2002 through (date of preliminary approval) that was raised or could have been raised in the Plaintiff's complaint.

4.     You and any other persons in the Settlement Class have the right to object to the proposed settlement or exclude yourself by following the procedures in Parts IV-V of this notice.

5.     A hearing to finally approve the settlement is scheduled for _____, 2007 in Courtroom No. 4, at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721.

At the hearing, any member of the Class may appear and object to the proposed settlement. However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part IV of this Notice have been followed. You should read that part carefully. Class members who do not make objections in the manner provided in Part IV of this Notice shall be deemed to have waived such objections.

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in these lawsuits. This notice is sent for the sole purpose of informing you of the pendency of this lawsuit and the terms of the proposed settlement so that you may make appropriate decisions. In the event of any conflicts between this notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

## II.     NATURE OF THE LAWSUIT

In this case, the Plaintiff has sued Bryant for nonpayment of overtime for hours worked in excess of forty in a week. Bryant has denied and continues to deny all of the allegations made by the Plaintiff.

The Plaintiff and Bryant, ("the Parties") have tentatively settled this lawsuit. The Settlement has received preliminary approval of the Court, subject to notice being provided to the members of the Class and final approval by the Court after a public hearing. This proposed settlement is described in the next section.

If you are a member of the Settlement Class established by the court, you will receive such benefits, if any, as you may qualify for under the proposed Settlement and you will be forever barred from asserting any rights with respect to matters which are the subject of this case. If the proposed settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

## III     SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED SETTLEMENT AGREEMENT

For purposes of settlement, and without admitting any liability, Bryant has agreed to provide certain relief to persons in the Class. The following is only a summary of the relief contained in the proposed Settlement. In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement shall govern. For a copy of the proposed Settlement, you may contact Class Counsel, whose name, address, and telephone number are listed below in Part VI. The relief granted by the proposed Settlement Agreement is summarized as follows:

1.     Bryant, will pay the total sum ("Sum") of One Hundred Sixty-Five Thousand Dollars ($165,000.00) less attorney fees and costs awarded to Class Counsel and any enhancement awarded to the Plaintiff David Fuson .

2.     **IN ORDER TO RECEIVE PAYMENT UNDER THIS SECTION, EACH CLASS MEMBER MUST FILE A TIMELY CLAIM FORM, WHICH IS ENCLOSED WITH THIS NOTICE.**

3.     Bryant will pay reasonable attorneys' fees in a maximum amount not to exceed $41,250.00 (25% of the Sum) and actual costs. All payments for attorneys' fees and costs will be paid from the Sum,

which will reduce any payments made to you as a class member. Class Counsel will apply to the court for approval of his attorneys' fees and costs at the hearing scheduled for _____, 2007.

4.      The Court will also be asked to award an enhancement payment to David Fuson in the amount of $10,000.00.

Based upon the equitable formula that has been devised, there will be substantial difference among Plaintiff Class members as to the amount each individual participating Plaintiff will receive in settlement. Monies paid pursuant to the Settlement are taxable. Bryant will make all lawful payroll deductions from any payments paid to Class members from the Sum as set forth in the Settlement Agreement.

## IV.      HEARING AND PROCEDURE FOR OBJECTING TO THE SETTLEMENT AGREEMENT

If you are satisfied with the proposed Settlement Agreement, you do not need to appear at the hearing at which the Court will consider final approval of the Settlement Agreement. If you object to the proposed Settlement Agreement, you must take the following steps (your failure to do so will be deemed a waiver of your objections):

A.      So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by first class postage to the Court at United States District Court for the Eastern District of California, Courtroom No. 4, United States Courthouse, 2500 Tulare Street, Fresno, California, 93721, to Class Counsel, Jerry Budin, Esq., Law Office of Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355, and to Daniel F. Pyne, III , Esq., Hopkins & Carley, P.O. Box 1469, San Jose, CA 95109 (Defendant's Counsel).

The request MUST include:  (i) a written statement advising if you plan to address the Court at the hearing; (ii) a written statement of your objections; and (iii) any other papers which you propose to submit to the Court, including any legal briefs or memoranda.

B.      If you have satisfied the requirements set forth above, you have the right to address the Court at the hearing scheduled for _____, 2007 before the Honorable Lawrence J. O'NEILL, Judge, United States District Court for the Eastern District of California, Courtroom No. 4, United States Courthouse, 2500 Tulare Street, Fresno, California 93721. You may appear personally at the hearing, or through your own counsel, paid for at your own expense.

## V.      PROCEDURE FOR EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT AGREEMENT

Even if you do not object to the proposed Settlement Agreement, you may still exclude yourself from the proposed Settlement by taking the following steps.

A.      So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by first class postage to Class Counsel, Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355 if you wish to be excluded from the Settlement Agreement. The written request must contain your name, address, telephone number, Social Security number and the location and years of your employment by Bryant

B.      If you do not submit a Request for Exclusion, you will be bound by the Settlement Agreement, if it is approved by the Court.

C.      Furthermore, if you do nothing, that is if you do not submit a Claim Form and do not submit a written exclusion, you will be bound by the Settlement Agreement, but will receive no monetary compensation.

## VI.      CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact Class Counsel Jerry Budin, Esq., Law Office of Jerry Budin, 2401 E. Orangeburg, Ste. 675-309, Modesto, CA 95355, telephone (209) 544-3030, fax (209) 544-3144.

PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

**EXHIBIT 2**

# United States District Court, Eastern District of California, Fresno Division

**David Fuson v. C.L. Bryant and C. Bryant Transport, Inc.**

**Case No. CV F 06-0766 LJO SMS**

## CLAIM FORM/FLSA CONSENT FORM

COMPLETE, SIGN AND MAIL TO:

Jerry Budin, Esquire
2401 E. Orangeburg, Ste. 675-309
Modesto, CA 95355

<u>Must be Postmarked  No Later Than:</u> (60 days from mailing)

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM
TO SHARE IN THE MONETARY RECOVERY FROM BRYANT,**

(1) Please <u>type</u> or <u>print</u> the following identifying information:

Name:_____  _____

Address:_____

City, State, Zip: _____ Social Security Number:_____

Telephone Number (Work):_____ Telephone Number (Home): _____

(2) My best estimate of the time that I was employed by Bryant, as a truck driver who hauled bulk petroleum products between June 16, 2002 to (date of preliminary approval), is as follows:

Beginning Date              End Date

_____        _____

(3) By signing below, I understand that I am agreeing to a full and complete release of C.L. Bryant, C. Bryant Transport, Inc., including its present and former officers, directors and owners, shareholders, employer agents, parent companies, subsidiaries and affiliates and representatives of each for any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, lawsuits or causes of action whatever kind or nature, whether known or unknown, liquidated or unliquidated, that I might have, arising out of or in any way related to this action regarding wage and hour or payroll claims, including but not limited to any and all claims for unpaid wages, worked overtime, and  waiting time penalties, under both federal and California state law, including the Fair Labor Standards Act, Section 16(b).  By signing below, I also hereby consent to joint this action under 29 U.S.C. Section 216(b) for purposes of the Fair Labor Standards Act.

I further understand that I am waiving all rights and benefits afforded to me under Section 1542 of the California Civil Code, which provides:

"A general release does not extend to claims which the creditor [employee] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [employer]."

X _____        _____

*(Sign your name here)*                                                    Date

# CLAIM FORM INSTRUCTIONS

## COMPLETE THE ENCLOSED CLAIM FORM IN ORDER TO BE ELIGIBLE FOR MONETARY RECOVERY

**YOU MUST <u>COMPLETE,</u> <u>SIGN</u> AND <u>MAIL</u> THIS CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE (60 days from mailing), ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

### MAIL TO:

**Jerry Budin, Esquire
2401 E. Orangeburg, Ste. 675-309
Modesto, CA 95355**